NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0201n.06

Case No. 20-1958

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Apr 20, 2021
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| MICHAEL NIEWOLAK, | ) | |
| Plaintiff-Appellee, | )<br>)<br>) | |
| v. | )<br>) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| CITY OF HIGHLAND PARK, MICHIGAN; SERGEANT KEATH BARTYNSKI, | )<br>)<br>) | |
| Defendants, | )<br>) | |
| SERGEANT HEATHER HOLCOMB; LIEUTENTANT EDWARDS, | )<br>)<br>) | |
| Defendants-Appellants. | )<br>) | |

BEFORE: DAUGHTREY, MOORE, and THAPAR, Circuit Judges.

PER CURIAM. Michael Niewolak sued three police officers and the City of Highland Park. He alleged various violations of federal and state law stemming from his 2017 arrest. Two of the officers believed they were entitled to qualified immunity and moved for judgment on the pleadings. *See* Fed. R. Civ. P. 12(c). Qualified immunity shields officers from suit unless they violated a right that was clearly established when they acted. *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018). The district court denied the officers' motion. It held that the complaint sufficiently alleged two violations of clearly established constitutional rights under the Fourth Amendment: (1) the right not to be arrested without probable cause, and (2) the right to be free

from excessive force when being detained in handcuffs. We agree with the district court and affirm.

We have appellate jurisdiction to review interlocutory orders denying qualified immunity pursuant to *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). As we have frequently observed, "A denial of a claim of qualified immunity is immediately appealable only if the appeal is premised not on a factual dispute, but rather on 'neat abstract issues of law.'" *Anders v. Cuevas*, 984 F.3d 1166, 1175 (6th Cir. 2021) (quoting *Phillips v. Roane Cnty.*, 534 F.3d 531, 538 (6th Cir. 2008), and *Johnson v. Jones*, 515 U.S. 304, 317 (1995)).

Because this case reaches us on a motion for judgment on the pleadings, we construe the complaint in the light most favorable to the plaintiff and accept all of its allegations as true. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). The complaint alleges that Michael Niewolak was at work when three officers pulled up and arrested him, even though they knew he had not committed a crime. The first officer to arrive tackled Niewolak and handcuffed him. The other two officers (appellants Holcomb and Edwards) also participated in the arrest. Niewolak told all three officers that the handcuffs were too tight and were causing him severe pain. But the officers did not loosen the cuffs. Niewolak was injured as a result. The government later dropped all charges against him.

Niewolak then filed this suit. Relevant to this appeal, Niewolak contends that officers Holcomb and Edwards violated his Fourth Amendment rights by seizing him without probable cause and by using excessive force when detaining him. *See* 42 U.S.C. § 1983. Under Sixth Circuit precedent, both of Niewolak's allegations are enough to survive the officers' motion. We have held that "the constitutional right to freedom from arrest in the absence of probable cause is clearly established within our circuit." *Courtright v. City of Battle Creek*, 839 F.3d 513, 520 (6th

Cir. 2016) (cleaned up). And we have also held that "excessively forceful or unduly tight handcuffing is a constitutional violation under the Fourth Amendment and that freedom from excessively forceful or unduly tight handcuffing is a clearly established right for purposes of qualified immunity." *Id.* at 518–19 (cleaned up); *see also McGrew v. Duncan*, 937 F.3d 664, 668 (6th Cir. 2019) (A plaintiff "must prove that she complained about the tightness of the handcuffs, the officers ignored her complaint, and the handcuffs caused a physical injury."). Niewolak's allegations fit neatly within our prior holdings. Thus, he has plausibly alleged a violation of his clearly established constitutional rights.

Officers Holcomb and Edwards argue that the complaint lacked sufficient detail to state a claim. Why? Because one might be able to draw contrary inferences from the complaint (some of which could suggest no constitutional violation). But at this stage of the proceedings, we must construe all facts in the light most favorable to the plaintiff. *Grindstaff*, 133 F.3d at 421. And we lack jurisdiction to resolve disputes of material fact. *DiLuzio v. Vill. of Yorkville*, 796 F.3d 604, 609–13 (6th Cir. 2015).

Niewolak's allegations are comparable to those we have held sufficient in other cases. Thus, we affirm.